UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE WILLIAMS, **)** | |
| **)** | |
| Plaintiff, **)** | |
| **)** | |
| v. **)** | Civil Action No. 22-0753 (RJL) |
| **)** | |
| ROBERT A. DIXON, **)** | |
| United States Marshal, **)** | |
| **)** | |
| Defendant. **)** | |
| **)** | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), Robert A. Dixon, in his official capacity as the United States Marshal for the United States Marshals Service for the Superior Court of the District of Columbia, submits this statement of material facts as to which there is no genuine issue with respect to the issues raised in Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.  In support, Defendant respectfully refers the Court to the accompanying Declaration of USMS Assistant Chief Deputy John Noel ("Noel Decl."), attached hereto as Exhibit A.

1.     Pretrial prisoners like Plaintiff can submit to grieve, complain, or allege that a Deputy U.S. Marshal at D.C. Superior Court violated his constitutional rights through two administrative procedures.  Noel Decl. ¶ 5.

2.     Plaintiff could have submitted a complaint through the Department of Justice's Office of Inspector General (DOJ OIG) Hotline through the DOJ OIG's toll-free hotline.  Noel Decl. ¶¶ 6-8.

3.     This hotline is active from 10:00am to 4:00pm EST during the work week and provides the caller with instructions about how to submit a complaint.  Noel Decl. ¶ 7.

4.      The hotline also directs the caller to the DOJ OIG website, which includes a "Hotline" link that allows the user to submit a complaint electronically and lists a mailing address for complaints in paper form.  Noel Decl. ¶¶ 7-8.

5.      As applied to USMS employee misconduct, adhering to this procedure could have resulted in various remedies, including that the USMS employee alleged to have engaged in misconduct could immediately be taken out of contact with the prisoner, and should the allegations be substantiated, the USMS employee could be subjected to various criminal and administrative penalties.  Noel Decl. ¶ 10.

6.      The USMS D.C. Superior Court cellblock contains visible posters detailing the process by which a prisoner can avail himself of the DOJ OIG system.  Noel Decl. ¶ 11, Exs. 1-4.

7.      Prisoners in custody at D.C. Superior Court cellblock are also verbally briefed of the hotline upon arrival to the cellblock.  Noel Decl. ¶ 12, Ex. 5.

8.      In addition to the DOJ OIG complaint system, Plaintiff could have also filed a complaint through USMS OPR.  Noel Decl. ¶ 13.

9.      USMS also maintains an administrative system operated by the USMS OPR.  Noel Decl. ¶ 14.

10.      To submit a complaint through OPR's system, a complainant may submit in writing by mail or email a grievance form that contains the complainant's name, contact information, the name of the individual believed to have engaged in misconduct, the details of the alleged misconduct, any supporting documentation, and any other information believed to be relevant to the claim.  Noel Decl. ¶ 14.

11.      This information is included on the USMS internet site, with a link to a complaint form that may be submitted electronically.  Noel Decl. ¶ 14.

12.     The USMS internet site also includes the following number for the USMS OPR of (703) 740-8132 as well as a mailing address for complaints in paper form.  Noel Decl. ¶ 15.

13.     The USMS OPR site, which has a OPR complaint form, is accessible by common online search and is the first result for a Google search of "complaint against a US Marshal."  Noel Decl. ¶ 16.

14.     As with a complaint to DOJ OIG, a complaint to USMS OPR could result in remedies to a prisoner to include taking the USMS employee out of contact with the prisoner and criminal and administrative penalties for the USMS employee if the allegations are substantiated. Noel Decl. ¶ 17.

15.     There is no record of an administrative grievance or complaint submitted by Plaintiff related to the conduct alleged in his Complaint.  Noel Decl. ¶¶ 20-21.

Date: July 7, 2022                                    Respectfully submitted,

                                                      MATTHEW M. GRAVES, D.C. Bar #481052
                                                      United States Attorney

                                                      BRIAN P. HUDAK,
                                                      Chief, Civil Division

                                    By:     /s/ *Stephen DeGenaro*
                                                      STEPHEN DEGENARO
                                                      D.C. Bar #1047116
                                                      Assistant United States Attorney
                                                      601 D St., N.W.
                                                      Washington, D.C. 20530
                                                      (202) 252-7229
                                                      Stephen.DeGenaro@usdoj.gov

                                                      *Counsel for Defendant*