# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TYRONE WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT A. DIXON, In His Official ) <br> Capacity, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 22-0753 (RJL) |

## DECLARATION OF ASSISTANT CHIEF DEPUTY JOHN NOEL

I, John Noel, declare under penalty of perjury the following to be true and correct:

1. This declaration is based upon my personal knowledge, experience and understanding of the administrative processes and procedures to report allegations of abuse by federal law enforcement officials with the United States Marshals' Service (USMS).

2. I am employed by the United States Marshals Service (USMS). I have been with the USMS for approximately 21 years. The USMS is a bureau of the Department of Justice that is vested with the statutory responsibility to provide for the security of the federal courts. *See* 28 U.S.C. §§ 561(a), 566(a); *see also id*. § 566(i) (providing that the U.S. Marshals Service "retains final authority regarding security requirements for the judicial branch of the Federal Government"). The USMS is responsible for the custody and care of federal in-custody pre-trial prisoners from the time they are remanded to USMS custody until they are ordered released, or until convicted and delivered to a designated Federal Bureau of Prisons facility. *See* 28 CFR 0.111(k). USMS officials are statutorily responsible for the safety and security of these pre-trial individuals, including those pre-trial prisoners (or detainees) housed in the custody of the District

of Columbia Department of Corrections (a non-federal authority) and received by USMS for appearances in D.C. Superior Court.

3. In my capacity as USMS Assistant Chief Deputy for District of Columbia Superior Court, my prescribed duties and responsibilities include sharing in, and assisting the Chief Deputy in directing, through subordinate Supervisory Deputies, the operational functions of the District Office, making general assignments, and providing directions and supervision on unusual cases. I am also responsible for resolving personnel issues that are brought by first line supervisors or referred to the U.S. Marshal for appropriate action; reviewing recommendations for training, promotions, and awards; assuring that administrative support is provided to Deputies as required and directing such support and ensuring the safety and security of prisoners who have been transferred to the D.C Superior Court from other correctional institutions, as well as the safety and security of USMS personnel, the federal judiciary, and court personnel. I am familiar with the search practices at D.C. Superior Court and routinely supervise Deputy U.S. Marshals at D.C. Superior Court.

4. I am aware of Plaintiff Williams's lawsuit, as well as the allegations that Plaintiff has made in his complaint as a pre-trial prisoner (or detainee) at D.C. Superior Court.

5. There are two administrative procedures through which pretrial prisoners like Plaintiff submit to grieve, complain, or allege that a Deputy U.S. Marshal at D.C. Superior Court violated his constitutional rights.

6. First, Plaintiff could have submitted a complaint through the Department of Justice's Office of Inspector General (DOJ OIG) Hotline. To submit a complaint about a Deputy U.S. Marshal's misconduct through the DOJ OIG tip line, Plaintiff could call the toll-free number of the DOJ OIG Inspector General hotline at 1-800-869-4499.

7. The Hotline is active from 10:00am – 4:00pmEST during the work week. A person calling the Hotline is presented options to determine what DOJ agency the employee works about whom they are complaining. The Hotline then provides the website, mailing address, and fax address through which the person can obtain a complaint form and/or file a complaint. The Hotline message states that it is not the preference to accept complaints via telephone, but the Hotline system provides an option to choose in order to speak with someone at DOJ-OIG.

8. On the front page of the DOJ OIG website, there are multiple links including a "Hotline" link. If "Hotline" is selected, there is a link labeled "Submit a Complaint." The site then takes a user to a list of "What NOT to Report to the OIG" and "What to Report TO the OIG." The USMS is listed as an agency about which a complaint may be filed. The online process continues to allow the user to describe the nature of the complaint and the pertinent facts. The process culminates with allowing the user to submit the complaint electronically. The website also lists a mailing address for complaints in paper form.

9. In complaints of USMS employee misconduct, DOJ OIG may investigate the complaint themselves, or they may delegate the complaint to the USMS Office of Professional Responsibility, Internal Affairs (OPR) to investigate. If DOJ OIG retains a complaint about a USMS employee for investigation, they typically notify USMS OPR of the complaint.

10. A complaint of USMS employee misconduct could result in various remedies for a prisoner in USMS custody. First, the USMS employee alleged to have engaged in misconduct could immediately be taken out of contact with the prisoner. Second, should the allegations be substantiated, the USMS employee could be subjected to various criminal and administrative penalties.

11. USMS, D.C. Superior Court provides both verbal and visual notifications about the DOJ OIG system to its pre-trial prisoners (or detainees) such Plaintiff Williams. Multiple posters in both English and Spanish detailing the process are located at various points throughout the USMS D.C. Superior Court cellblock. See exhibits 1-4, photographs of the D.C. Superior Court cellblock. Posters displaying this information are visible to any person entering and exiting the USMS cellblock, including the Plaintiff.

12. Additionally, to highlight the DOJ OIG process, each time a prisoner is brought into the USMS D.C. Superior Court cellblock, the prisoner is briefed as follows: "At DC Superior Court we take sexual assault very seriously. If you experience or witness any assault you can speak to any deputy, or you can call the 1-800 number listed on the posters throughout the cellblock." This language is attached to the back of the clipboard used and USMS personnel are trained as a matter of protocol to provide this instruction verbatim to prisoners being processed into the cellblock. *See* exhibit 5.

13. In addition to the DOJ OIG complaint system, Plaintiff could have also filed a complaint through USMS OPR.

14. USMS maintains an administrative system operated by the USMS OPR. To submit a complaint through OPR's system, a complainant may submit in writing by mail or email a grievance form that contains the complainant's name, contact information, the name of the individual believed to have engaged in misconduct, the details of the alleged misconduct, any supporting documentation, and any other information believed to be relevant to the claim. This information is included on the USMS internet site, with a link to a complaint form that may be submitted electronically.

15. The USMS internet site also includes the following telephone number for the USMS OPR of (703) 740-8132 as well as a mailing address for complaints in paper form. The telephone number reaches an employee in USMS OPR during working hours or their voicemail.

16. The USMS OPR site, which has a OPR complaint form, is accessible by common online search and is the first result for a Google search of "complaint against a US Marshal."

17. Any complaint to USMS OPR of USMS employee misconduct could result in various remedies for a prisoner in USMS custody. As with a complaint to DOJ OIG, the USMS employee alleged to have engaged in misconduct could immediately be taken out of contact with the prisoner. Second, should the allegations be substantiated, the USMS employee could be subjected to various criminal and administrative penalties.

18. OPR also "conduct[s] examinations of USMS district, divisions and individual program areas" to determine compliance with "established DOJ and USMS policies and procedures." *See* https://www.usmarshals.gov/oi. Any claims of law enforcement abuses at the D.C. Superior Court could have been addressed and remedied by USMS through compliance review by OPR.

19. USMS OPR functions in accordance with USMS policy on misconduct investigations. Each USMS employee is required to immediately report any allegations of misconduct in good faith, including alleged misconduct by a USMS employee. If the alleged perpetrator is a member of the USMS or district management, the incident is automatically reported to the next higher level of management of the individual in question. In turn, USMS supervisors are required to immediately report all allegations of misconduct to USMS OPR. USMS personnel are also required by policy to treat any allegation of sexual abuse seriously and follow appropriate reporting procedures. These procedures include making the situation safe and

notifying USMS management. USMS OPR is in turn required to notify the DOJ OIG of the allegation within the next business day.

20. In preparation for submitting this declaration, I have searched USMS records at D.C. Superior Court and requested searches to be conducted of USMS's system of records at USMS OPR, for any records reflecting that Plaintiff submitted an administrative grievance for alleged constitutional violations perpetrated by Deputy U.S. Marshals as alleged in his Complaint.

21. I have located no USMS record of an administrative grievance or complaint submitted by Plaintiff as described herein related to the conduct alleged in his Complaint.

I declare under penalty of that the foregoing statements are true and correct pursuant to 28 U.S.C. § 1746.

Executed this 7th of July, 2022 in Washington, D.C.

_____*John M. Noel*_____
Assistant Chief Deputy John Noel

# Noel Declaration Exhibit 1



# Noel Declaration Exhibit 2



# Noel Declaration Exhibit 3



# Noel Declaration Exhibit 4



# Noel Declaration Exhibit 5



**Provide all prisoners with the Prison Rape Elimination Act information:**

"At DC Superior Court we take sexual assault very seriously. If you experience or witness any assault you can speak to any deputy, or you can call the 1-800 number listed on the posters throughout the cellblock"

Note: MPD <u>does not</u> search the groin area.