UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TYRONE WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT A. DIXON, In His Official<br>Capacity, as United States Marshal for the<br>Superior Court of the District of Columbia,<br><br>          Defendant. | Civil Action No. 22-0753 (RJL) |

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant, Robert A. Dixon in his official capacity as United States Marshal for the

Superior Court of the District of Columbia, with the U.S. Marshal Service ("USMS" or

"Agency"), by and through undersigned counsel, hereby answers Plaintiff, Tyrone William's

Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 1, as follows:

## RESPONSES TO THE NUMBERED PARAGRAPHS

To the extent the Complaint refers to or quotes from external documents, statutes or other

sources, Defendant may refer to such materials for their accurate and complete contents in

response; however, Defendant's references are not intended to be, and should not be construed to

be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff;

(b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant

expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer.[1]

## Introduction

1.      Paragraph 1 contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in this paragraph.

2.      Defendant admits that Mr. Williams has filed this lawsuit for declaratory and injunctive relief. Defendant denies the remaining allegations set forth in Paragraph 2.

3.      Defendant admits that Mr. Williams has filed this lawsuit for declaratory and injunctive relief. Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

## Jurisdiction and Venue

4.      The allegations in Paragraph 4 contain legal conclusions and require no response. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter. Defendant denies the remaining allegations in this paragraph.

5.      The allegations in Paragraph 5 contain legal conclusions and require no response. To the extent a response is required, Defendant admits that venue is proper in this District. Defendant denies the remaining allegations in this paragraph.

## Parties

6.      Admitted that at the time of filing his Complaint, Plaintiff was in the custody of the USMS.  Responding further, Defendant states that, on information and belief, Plaintiff is

---

[1]      For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations to which a response is required, Defendant denies those allegations.

currently in the custody of the Bureau of Prison at USP Hazelton. The Defendant is without

sufficient information to admit or deny the remaining allegations in Paragraph 6.

     7.    Admitted that Robert Anthony Dixon is the United States Marshal for the

Superior Court of the District of Columbia and is being sued in his official capacity.

**Facts**

     8.    The allegations contained in Paragraph 8 describe a purported search policy

implemented by the D.C. Jail, which is not a party to this case and does not relate to any action

or allegation against Defendant. Therefore, no response is required. To the extent a response is

required, Defendant is without sufficient knowledge and information to admit or deny the

allegations set forth in Paragraph 8.

     9.    The allegations contained in Paragraph 9 describe a purported search policy

implemented by the D.C. Jail, which is not a party to this case and does not relate to any action

or allegation against Defendant. Therefore, no response is required.  To the extent a response is

required, Defendant is without sufficient knowledge and information to admit or deny the

allegations set forth in Paragraph 9.

     10.    The allegations contained in Paragraph 10 describe a purported search policy

implemented by the D.C. Jail, which is not a party to this case and does not relate to any action

or allegation against Defendant. Therefore, no response is required.  To the extent a response is

required, Defendant is without sufficient knowledge and information to admit or deny the

allegations set forth in Paragraph 10.

     11.    The allegations contained in Paragraph 11 describe a purported search policy

implemented by the D.C. Jail, which is not a party to this case and does not relate to any action

or allegation against Defendant. Therefore, no response is required.  To the extent a response is

required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 11.

12.     The allegations contained in Paragraph 12, and including its subparts (a)-(f), describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendant. Therefore, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 12, and including its subparts (a)-(f).

13.     The allegations contained in Paragraph 13 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case, and does not relate to any action or allegation against Defendant. Therefore, no response is required.  To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 13.

### The United States Marshals Service's Manual Search Policy

14.     Admitted that the USMS has policies for searching individuals in USMS custody. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 14 of the Complaint.

15.     Admitted that the USMS has policies for searching individuals in USMS custody. Defendant denies the remaining allegations in Paragraph 15.

16.     Admitted that the USMS has policies for searching individuals in USMS custody. Defendant denies the remaining allegations in Paragraph 16.

17.     Admitted that the USMS has policies for searching individuals in USMS custody. Responding further, Defendant avers that the allegations contained in Paragraph 17 characterize

a purported search policy implemented by the D.C. Jail, which is not a party to this case, and does not relate to any action or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny those allegations.  Defendant denies the remaining allegations set forth in Paragraph 17.

### The Searches of Plaintiff Tyrone Williams

18.     Admitted that Plaintiff was in the custody of USMS and appeared before DC Superior Court on November 3, 2020, October 18, 2021, and February 10, 2022.  Defendant denies all remaining allegations in Paragraph 18.

19.     The allegations contained in Paragraph 19 do not relate to any actions or allegations against Defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 19.

20.     The allegations contained in Paragraph 20 do not relate to any actions or allegations against Defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 20.

21.     The allegations contained in Paragraph 21 do not relate to any actions or allegations against Defendant and therefore no response is required.  To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 21.

22.     Admitted Plaintiff was searched by USMS personnel after arrival at DC Superior Court.  Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 22.

23.     Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court.  Defendant denies all remaining allegations in Paragraph 23.

24.     Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court.  Defendant denies the remaining allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 27.

**Grace Rivera's Inspection of the Search of Mr. Williams on February 10, 2022**

28.     Admitted that Plaintiff's counsel spoke with Supervisory Deputy Grace Rivera. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 28.

29.     Admitted that Deputy Rivera monitored the next search of Plaintiff without telling the deputies conducting the search.  Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 29.

30.     Admitted that Deputy Rivera subsequently told Plaintiff's counsel that the search was conducted appropriately, and that Plaintiff complained during the search.  Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 30.

31.     Admitted that Deputy Rivera stated the search comported with USMS policy. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 31.

### Mr. Williams's Injuries

32.     Defendant denies that the search performed by USMS on November 3, 2020 occurred as Plaintiff describes in paragraphs 23 through 26 and therefore denies the allegations in Paragraph 32.

33.     Defendant denies that the search performed by USMS on October 18, 2021 occurred as Plaintiff describes in paragraphs 23 through 26 and therefore denies the allegations set forth in Paragraph 33.

34.     Defendant denies that the search performed by USMS on February 10, 2022 occurred as Plaintiff describes in paragraphs 23 through 26 and therefore denies the allegations set forth in Paragraph 34.

### Application of the USMS Policy to Mr. Bower

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant denies the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

### Mr. Williams's Next Court Date

39.     Admitted that Mr. William appeared for a further court date at DC Superior Court on April 18, 2022.  Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 39.

### The Lack of Justification for the USMS Search Policy

40.     Paragraph 40 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

41.     Paragraph 41 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

42.     Paragraph 42 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

43.     Paragraph 43 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

44.     Paragraph 44 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

**CLAIMS FOR RELIEF**

**Claim I: Violation of the Fourth Amendment (USMS Policy)**

45.     Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Fourth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

46.    Paragraph 46 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

47.    Paragraph 47 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

48.    Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia.  The remaining allegations contain argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

**Claim II: Violation of the Fifth Amendment (USMS Policy)**

49.    Paragraph 49 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Fifth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

50.    Paragraph 50 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

51.    Paragraph 51 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

52.    Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia.  The remaining allegations contain argument and

legal conclusions to which no response is required.  To the extent a response is required,

Defendant denies the remaining allegations contained in this paragraph.

### Claim III: Violation of the Fourth Amendment (Excessive Force)

53.     Paragraph 53 contains legal conclusions to which no response is required.  To the

extent a response is required, Defendant respectfully refers the Court to the Fourth Amendment

of the United States Constitution for its true and complete contents and denies all allegations in

this paragraph inconsistent therewith.

54.     Paragraph 54 contains argument and legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies the allegations contained in this

paragraph and denies any allegation of wrongdoing whatsoever.

55.     Paragraph 55 contains argument and legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies the allegations contained in this

paragraph.

56.     Paragraph 56 contains argument and legal conclusions to which no response is

required.  To the extent a response is required, Defendant denies the allegations contained in this

paragraph.

57.     Admitted that Robert Anthony Dixon is the United States Marshal for the

Superior Court of the District of Columbia.  The remaining allegations contain argument and

legal conclusions to which no response is required.  To the extent a response is required,

Defendant denies the remaining allegations contained in this paragraph.

### Claim IV: Violation of the Fifth Amendment (Pretrial Punishment)

58.     Paragraph 58 contains legal conclusions to which no response is required.  To the

extent a response is required, Defendant respectfully refers the Court to the Fifth Amendment of

the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

59.     Paragraph 59 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

60.     Paragraph 60 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

61.     Paragraph 61 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

62.     Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia.  The remaining allegations contain argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

## REQUESTED RELIEF

The paragraph starting with "Wherefore," and including subparts (A)-(E) contain Plaintiff's prayer for relief for which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph and all subparts (A)-(E) and denies Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## **ADDITIONAL DEFENSES**

Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to the Complaint become known

to the Defendant through the course of litigation. Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or reaffirmance under Fed. Civ. P. 8(c).

## FIRST DEFENSE

Plaintiff's claims are moot as he is no longer in the custody of the United States Marshals Service and this Court lacks jurisdiction for lack of live case or controversy.

## SECOND DEFENSE

USMS does not employ an unconstitutional search policy.

## THIRD DEFENSE

The United States has sovereign immunity with respect to some or all of the claims for relief set forth in the Complaint, including but not limited to constitutional tort claims against individual officers or any claims for supervisory liability, thus, the Court lacks jurisdiction over the subject matter of some or all of the action.

## FOURTH DEFENSE

Plaintiff's claims do not rise to the level of Constitutional violations.

## FIFTH DEFENSE

Plaintiff is not entitled to injunctive, declaratory relief, or attorneys' fees in this action.

## SIXTH DEFENSE

The United States, through its employees and agents, acted lawfully, reasonably, with legal justification, and was substantially justified in its actions at all times referenced in Plaintiff's Complaint.

\*       \*       \*

12

Dated: June 16, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:           */s/ Stephen DeGenaro*
     STEPHEN DEGENARO
     D.C. Bar #1047116
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-7229
     Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*