UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT A. DIXON, In His Official Capacity, as United States Marshal for the Superior Court of the District of Columbia,<br><br>    Defendant. | Civil Action No. 22-0753 (RJL) |

## STIPULATED PROTECTIVE ORDER

With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in this action, IT IS HEREBY ORDERED as follows:

A.    Definitions

    1.    "Action" shall mean the case captioned *Tyrone Williams v Robert A. Dixon, In His Official Capacity, as United States Marshal for the Superior Court of the District of Columbia*, Civ. A. No. 22-0753 (RJL) (D.D.C.).

    2.    "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; (b) is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil

Procedure 26(c)(1)(G); (c) contains medical information; (d) is personal financial, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.; (e) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; (f) is information protected by the Internal Revenue Code, 26 U.S.C § 6103; or (f) is law enforcement sensitive information.

    3.    "Attorney's Eyes Only Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information contains: (a) a government identification number, badge number, computer name, access card identifiers, address, email address, or contact information of any federal officer or agent; or (b) any after action reports, personnel records, records maintained by any federal, DOJ or USMS investigative body, Use of Force Reports, Field Reports, or Significant Incident Reports; or (c) is law enforcement sensitive information, or law enforcement privileged information (terms that do not apply to a document merely because it identifies a government employee by name or image) that is produced pursuant to a Court order compelling production; or (d) includes pre-decisional, internal agency information protected by the deliberative process privilege including recommendations and analysis produced pursuant to a Court order compelling production.[1]

    4.    "Disclose" (or forms thereof) shall mean to distribute, provide, confirm, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that

---

[1] With respect to a document or other source of information falling within Paragraph 3 that relates directly to a search of Plaintiff by a United States Marshal Service member, the parties agree to confer in good faith to allow Plaintiff to review the portion of the document or other source of information concerning the search.

PROTECTIVE ORDER - 2

disclosing a copy, summary, or paraphrasing, would be considered a disclosure of the document itself for purposes of this Protective Order.

5. "Document" shall mean all items listed in Fed. R. Civ. P. 34(a)(1)(A) & (B).

6. "Challenging Party" shall mean any party who challenges the designation of information as Protected Material under this Protective Order.

7. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and to have treated as Protected Material pursuant to this Protective Order.

8. "Producing Party" shall mean the person or party producing in discovery in the Action.

9. "Protected Health Information" or "PHI" includes certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)), or information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties.

10. "Protected Material" means documents, electronically stored information, or other tangible things that contain "Protected Health Information," "Confidential Information," or "Attorney's Eyes Only Information," as defined in Paragraphs 2, 3, and 9 above.

11. "Receiving Party" shall mean any party who receives information that has been designated as Protected Material.

PROTECTIVE ORDER - 3

B.  Purpose, Scope, and Limitations of Protective Order

12. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this Action, whether the Documents are produced by a party or a person or entity who is not a party to this Action (a "non-party"). This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

13. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Protective Order does not prohibit or absolve the parties from complying with such other obligations.

14. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Protected Material under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

15. The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

16. The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v). All patient identifiable information shall be designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed

in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

17. This Protective Order does not govern the use by the parties of Protected Material in open court at any hearing or trial, but the parties reserve the right to seek relief from the Court in connection with the intended use of Protected Material in any such hearing or trial.

18. This Protective Order governs the disclosure, use, and handling of all Protected Material, regardless of the format or medium in which such Protected Material is generated, stored, or maintained.

19. Any Protected Material disclosed in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Protected Material unless the Producing Party files the un-redacted pleading or Document under seal.

20. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Protected Material for any purpose whatsoever, but if any such use results in a disclosure that causes the Protected Material to lose its designation as Protected Material, then it shall no longer be subject to any protection under this Protective Order.

21. Nothing in this Protective Order shall preclude the government from Disclosing Protected Materials to government employees (to include, but not limited to, attorneys, paralegals, and clerical staff), government contractors, government consultants, and government experts assisting with this Action.

22. This Protective Order applies to only Disclosures, uses, and handling of Protected Material occurring after the entry of this Protective Order.

23. Neither the termination of this Action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her

obligations under this Protective Order, which shall survive.

24. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C. Method for Designating Protected Material

25. Designations of Protected Material shall be made by the Producing Party, prior to or at the time of production, except that a failure to designate does not constitute a waiver of any applicable privileges that any party may assert pertaining to the produced document, or as otherwise provided by this Protective Order.

26. The designation of Protected Material should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Protected Material" in Section A(10) of this Protective Order.

27. Documents produced in discovery in this Action that contain protected material shall be designated as containing "Protected Material." For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of either CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER for Documents that contain Protected Health Information or Confidential Information or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER for information that contains Attorney's Eyes Only Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER when practicable. If not practicable to so modify the file name, the Producing Party shall identify native files that contain Protected Materials and the Receiving Party shall treat those files as if renamed. The media on

which the Protected Material is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information.

28. For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following: CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER. A Producing Party may segregate responses containing Protected Material into a separate document or documents.

29. For depositions, designation of Protected Material shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Protected Material. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Protected

Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Protected Material: CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER. If the deposition was filmed, both the recording storage medium (*i.e.* CD or DVD) and its container shall be labeled CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER.

30. For any other Document or item produced in discovery in this Action not falling within subparagraphs C(27), (28), or (29), above, designation of Protected Material shall be made by labeling the item or the item's container with CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER. If only a portion or portions of the information contained in the item warrant protection as Protected Material, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

31. If it comes to a Producing Party's attention that information designated as Protected Material does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D. <u>Challenging Protected Material Designations</u>

32. The Parties retain the right to challenge another party's designation of material as Protected Material, Confidential Information, or Attorney's Eyes Only Information and to challenge the propriety of the definition for such designations or application of the definition for such designations. A Challenging Party shall not be obliged to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The parties also retain the right to challenge the persons to whom

Attorney's Eyes Only Information may be disclosed.

33. The Challenging Party shall initiate a challenge to the designation of any Protected Material under this Protective Order by providing to the Designating Party: (a) written notice of each designation it is challenging; and (b) a description of the basis of each challenge.

34. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within 7 calendar days after the Designating Party receives notice from the Challenging Party of its challenge. During the conferring process, the Challenging Party must convey the basis for each challenge in writing and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Receiving Party within 14 calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

35. If the Designating Party decides to withdraw its designation, it shall give notice of its withdrawal to all parties.

36. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 3 above, or as otherwise agreed, either Party may file a motion seeking a determination from the Court after compliance with the local rules. The parties agree that Challenging Party must comply with the resolution provisions set forth above for each challenge before filing any motion.

37. Any information designated as Protected Material pursuant to and after the entry by the Court of this Protective Order shall be treated as Protected Material until such time as (a) the Designating Party agrees that it shall no longer be treated as Protected Material or (b) the Court rules that such information should not be treated as Protected Material.

E.  Disclosure, Use, and Handling of Protected Material

38.  A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Protected Material only in accordance with the terms of this Protective Order.

39.  Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and to secure distribution of Protected Material.

40.  Protected Health Information and Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

   a.  Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b.  Current employees of the parties who are assisting with respect to this Action;

   c.  Any person with prior authorized access to the Protected Material;

   d.  Current employees of the Producing Party;

   e.  Witnesses, potential witnesses, and deponents, including their counsel;

   f.  Court reporters and other persons not employed by this Court, retained to record or to transcribe testimony or argument at interviews or depositions in connection with this Action;

   g.  Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

        h.        Retained expert witnesses and consultants; mediators or arbitrators; and

        i.        This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

        41.        A receiving party may disclose documents designated by the other party as Protected Material to the persons referenced in paragraph 40, subsections (a)-(h) above, only after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A." Parties may disclose their own Protected Material with the persons referenced in paragraph 40, subsections (a)-(h) without the person first reviewing this Protective Order or signing a declaration.

        42.        Attorney's Eyes Only Information shall be disclosed, summarized, described, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

        a.        Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

        b.        Government employees (to include, but not limited to, attorneys, paralegals, and clerical staff), government contractors, government consultants, and government experts assisting with this Action;

        c.        This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

        d.        Retained expert witnesses with notification to the other party; and

        e.        Others to whom both parties have agreed separately in writing.

43.        Disclosure to the persons referenced in paragraph 42, subsection (a) above, may occur only after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

44.        Persons receiving Protected Material pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

45.        Unless the Designating Party gives written permission, all Protected Material that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's rules and procedures and (2) redacted from any filing that is publicly available.

46.        If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Protected Material as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Protected Material until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either that (a) the Designating Party does not object to the production of the Protected Material or (b) the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

47.        Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Protected Material to a Congressional

PROTECTIVE ORDER - 12

entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party or non-party of the Congressional entity's request and the United States' response thereto.

48.     Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials that the Government has, as the producing party of such materials, designated as Protected Material or otherwise subject to this Protective Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.    Disclosure of information or materials that the Government has, as the producing party of such materials, designated as Protected Material under this Order, is permitted within the meaning of this paragraph, provided that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Protected Material in a manner consistent with the terms of this Order.  This paragraph does not, however, permit the Government to disclose outside the terms of this Protective Order any materials that Plaintiff has designated as Protected Material subject to this Order.

F.     Inadvertent Production of Protected Material

49.     Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.  The parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Protected Material.

50.     If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to

whom it has disclosed Protected Material in accordance with this Protective Order, has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Material subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Protected Material and to prevent further unauthorized disclosures of the Protected Material, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Material that was the subject of the unauthorized disclosure.

G.     Disposition of Documents Containing Protected Material

51.    Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either (a) to destroy or to delete all items designated as Protected Material or (b) to return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.  In

the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Protected Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

52. For material that contains or reflects Protected Material, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Protected Material subject to this Protective Order.

53. Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Protected Material, so long as such material is and remains clearly marked to reflect that it contains Protected Material. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Protected Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

54. In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Protected Material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.* The parties recognize that any document in the United States's possession may be disclosable pursuant to the Freedom of Information Act; however, they understand that 5 U.S.C. § 552(b)(6) may apply to Plaintiff's medical records. Defendant agrees

that it will protect those records in response to a Freedom of Information Act request to the fullest extent supportable under the FOIA.

**IT IS SO ORDERED.**

DATED: 7/27/23

_____
HONORABLE RICHARD J. LEON
U.S. District Court Judge

## EXHIBIT A

I, _____, have been advised by counsel of record for _____ in *Tyrone Williams v Robert A. Dixon, In His Official Capacity, as United States Marshal for the Superior Court of the District of Columbia*, Civ. A. No. 22-0753 (RJL) (D.D.C.), of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signature

_____
Printed Name

_____
Date