UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT A. DIXON, In His Official Capacity, as United States Marshal for the Superior Court of the District of Columbia,<br><br>        Defendant. | Civil Action No. 22-0753 (RJL) |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, Robert A. Dixon in his official capacity as United States Marshal for the Superior Court of the District of Columbia, with the U.S. Marshal Service ("Defendant," "USMS," or "Agency"), by and through undersigned counsel, hereby answers the First Amended Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 41, of Plaintiff Tyrone William as follows:

**RESPONSES TO THE NUMBERED PARAGRAPHS**

To the extent the Complaint refers to or quotes from external documents, statutes or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant

expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer.[1]

### Introduction

1. Paragraph 1 contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in this paragraph.

2. Defendant admits that Mr. Williams has filed this lawsuit for declaratory and injunctive relief. Defendant denies the remaining allegations set forth in Paragraph 2.

3. Defendant admits that Mr. Williams has filed this lawsuit for declaratory and injunctive relief. Defendant denies the remaining allegations set forth in Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. The allegations in Paragraph 4 contain legal conclusions and require no response. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter. Defendant denies the remaining allegations in this paragraph.

5. The allegations in Paragraph 5 contain legal conclusions and require no response. To the extent a response is required, Defendant admits that venue is proper in this District. Defendant denies the remaining allegations in this paragraph.

### Administrative Exhaustion

6. Defendant admits that Plaintiff submitted Standard Form 95 to USMS on May 25, 2022, and again on November 2, 2022. Responding further, Defendant respectfully refers the

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations to which a response is required, Defendant denies those allegations.

Court to those documents for their true and complete contents and denies all allegations in this paragraph inconsistent therewith.

7. Defendant admits.

8. Defendant admits.

9. The allegations in Paragraph 9 contain legal conclusions and require no response. To the extent a response is required, Defendant denies.

## Parties

10. Admitted that at the time of filing his Complaint, Plaintiff was in the custody of the USMS. Responding further, Defendant states that, on information and belief, Plaintiff is currently in the custody of the Bureau of Prison at USP Hazelton. The Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 10.

11. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia and is being sued in his official capacity.

12. The allegations of paragraph 12 relate to another Defendant. To the extent Defendant must respond, Defendant admits the first sentence. The second and third sentences state a legal conclusion and require no response.

## Facts

13. The allegations contained in Paragraph 13 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 13.

14. The allegations contained in Paragraph 14 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 14.

15. The allegations contained in Paragraph 15 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 15.

16. The allegations contained in Paragraph 16 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 16.

17. The allegations contained in Paragraph 17, and including its subparts (a)-(f), describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 17, including its subparts (a)-(f).

18. The allegations contained in Paragraph 18 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case, and does not relate to any action

or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 18.

### The United States Marshals Service's Manual Search Policy

19. Admitted that the USMS has policies for searching individuals in USMS custody. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Admitted that the USMS has policies for searching individuals in USMS custody. Defendant denies the remaining allegations in Paragraph 20.

21. Admitted that the USMS has policies for searching individuals in USMS custody. Defendant denies the remaining allegations in Paragraph 21.

22. Admitted that the USMS has policies for searching individuals in USMS custody. Responding further, Defendant avers that the allegations contained in Paragraph 22 characterize a purported search policy implemented by the D.C. Jail, which is not a party to this case, and which does not relate to any action by or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny those allegations. Defendant denies the remaining allegations set forth in Paragraph 22.

### The Searches of Plaintiff Tyrone Williams

23. Admitted that Plaintiff was in the custody of USMS and appeared before DC Superior Court on November 3, 2020, October 18, 2021, and February 10, 2022. Defendant denies all remaining allegations in Paragraph 23.

24. The allegations contained in Paragraph 24 do not relate to any actions by or allegations against Defendant and therefore no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 24.

25. The allegations contained in Paragraph 25 do not relate to any actions by or allegations against Defendant and therefore no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 25.

26. The allegations contained in Paragraph 26 do not relate to any actions by or allegations against Defendant and therefore no response is required. To the extent a response is required, Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 26.

27. Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court. Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 27.

28. Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court. Defendant denies all remaining allegations in Paragraph 28.

29. Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court. Defendant denies the remaining allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant is without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 32.

**Grace Rivera's Inspection of the Search of Mr. Williams on February 10, 2022**

33. Admitted that Plaintiff's counsel spoke with Supervisory Deputy Grace Rivera. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 33.

34. Admitted that Deputy Rivera monitored the next search of Plaintiff without telling the deputies conducting the search. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 34.

35. Admitted that Deputy Rivera subsequently told Plaintiff's counsel that the search was conducted appropriately, and that Plaintiff complained during the search. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 35.

36. Admitted that Deputy Rivera stated the search comported with USMS policy. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 36.

**Mr. Williams's Injuries**

37. Defendant denies that the search performed by USMS on November 3, 2020 occurred as Plaintiff describes in paragraphs 28 through 31 and therefore denies the allegations in Paragraph 37.

38. Defendant denies that the search performed by USMS on October 18, 2021 occurred as Plaintiff describes in paragraphs 28 through 31 and therefore denies the allegations set forth in Paragraph 38.

39. Defendant denies that the search performed by USMS on February 10, 2022 occurred as Plaintiff describes in paragraphs 28 through 31 and therefore denies the allegations set forth in Paragraph 39.

### Application of the USMS Policy to Mr. Bower

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

### Mr. Williams's Future Potential Court Dates

In response to the unnumbered paragraph following paragraph 43, Defendant admits that Mr. Williams appealed his criminal conviction on September 11, 2022. Defendant is without sufficient knowledge and information to admit or deny the remaining allegations set forth in this unnumbered paragraph.[2]

### Justification for the USMS Search Policy

44. Paragraph 44 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

45. Paragraph 45 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

---

[2] The numbering in the Amended Complaint breaks at this point. For the sake of consistency, Defendant matches the numbering as it appears in the Amended Complaint on file at ECF No. 41.

46. Paragraph 46 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

47. Paragraph 47 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

48. Paragraph 48 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## CLAIMS FOR RELIEF

### Claim I: Violation of the Fourth Amendment (USMS Policy)
### (Plaintiff Williams against Defendant Dixon)

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Fourth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

50. Paragraph 50 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

51. Paragraph 51 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

In response to the unnumbered paragraph following paragraph 51, Defendant admits that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of

Columbia.  The remaining allegations in this unnumbered paragraph contain argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in this unnumbered paragraph.

### Claim II: Violation of the Fifth Amendment (USMS Policy)
### (Plaintiff Williams against Defendant Dixon)

52. Paragraph 52 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Fifth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

53. Paragraph 53 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

54. Paragraph 54 contains argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this paragraph.

55. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia.  The remaining allegations contain argument and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

### Claim III: Violation of the Fourth Amendment (Excessive Force)
### (Plaintiff Williams against Defendant Dixon)

56. Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the Fourth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

57. Paragraph 57 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

58. Paragraph 58 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

59. Paragraph 59 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

60. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia. The remaining allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

### Claim IV: Violation of the Fifth Amendment (Pretrial Punishment)
### (Plaintiff Williams against Defendant Dixon)

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Fifth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

62. Paragraph 62 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

63. Paragraph 63 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

64. Paragraph 64 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

65. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia. The remaining allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

**Claim V: Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401 & 2671–80**
**(Battery)**
**(Plaintiff Williams against Defendant United States of America)**

66. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

67. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

68. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

69. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

70. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

71. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

72. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

**Claim VI: Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401 & 2671–80**
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff Williams against Defendant United States of America)**

73. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

74. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

75. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

76. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

77. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

78. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

79. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

80. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

81. This paragraph relates to a claim against another defendant. Accordingly, no response is required.

## REQUESTED RELIEF

The paragraph starting with "Wherefore," and including subparts (A)-(E) contain Plaintiff's prayer for relief for which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph and all subparts (A)-(E) and denies Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to the Complaint become known to the Defendant through the course of litigation. Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or reaffirmance under Fed. Civ. P. 8(c).

## FIRST DEFENSE

Plaintiff's claims are moot as he is no longer in the custody of the United States Marshals Service and this Court lacks jurisdiction for lack of a live case or controversy.

## SECOND DEFENSE

USMS does not employ an unconstitutional search policy.

## THIRD DEFENSE

Plaintiff's claims do not rise to the level of Constitutional violations.

## FOURTH DEFENSE

Plaintiff is not entitled to injunctive, declaratory relief, or attorneys' fees in this action.

**FIFTH DEFENSE**

USMS, through its employees and agents, acted lawfully, reasonably, with legal justification, and was substantially justified in its actions at all times referenced in Plaintiff's Complaint.

Dated: August 25, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ Stephen DeGenaro_____
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*