UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 22-753 (RJL) |
| ROBERT A. DIXON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER
(March 1̲2̲, 2024) [Dkt. # 44]

In March 2022, plaintiff Tyrone Williams filed suit against Robert A. Dixon in his official capacity as United States Marshal for the Superior Court of the District of Columbia. Compl. [Dkt. #1] ¶ 7. In the original complaint, Williams sought declaratory and injunctive relief with respect to the United States Marshal Service's policy for conducting searches of men arriving at D.C. Superior Court from detention at the D.C. Jail. *Id.* at ¶¶ 2–3. While the litigation was pending, Williams submitted tort claims to the United States Marshal Service alleging that he was searched pursuant to the policy on multiple occasions and those searches constituted battery and intentional infliction of emotional distress. Pl.'s Unopposed Mot. to Amend the Compl. [Dkt. #40] at 1–2. After six months passed without a final disposition of his claims, Williams filed an amended complaint in this action which sought to add the United States as a defendant and pursue tort claims for damages against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Am. Compl. [Dkt. #41] ¶¶ 6–9; 66–81.

In response to the amended complaint, the United States filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. U.S.'s Mot. to Dismiss [Dkt. #44]. The FTCA waives the Government's sovereign immunity with respect to liability for money damages for certain tort claims asserted against the United States, but it provides that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). The Government does not dispute that this exhaustion requirement was met at the time the amended complaint was filed in August 2023, but it argues that the FTCA requires administrative exhaustion to occur before a lawsuit is "instituted" and therefore the Court lacks subject matter jurisdiction over Williams's FTCA claim because he did not administratively exhaust before filing suit in March 2022. U.S.'s Mot. to Dismiss at 5–6. In response, Williams argues that the FTCA only requires exhaustion to occur before a claim is brought "against the United States for money damages," which Williams did for the first time in August 2023 when he filed his amended complaint after administrative exhaustion was complete. Pl.'s Opp. to the U.S.'s Mot. to Dismiss [Dkt. #45] at 1–2.

The Court agrees with Williams's reading of the FTCA's exhaustion requirement. The Government is of course correct that a plaintiff must exhaust administrative remedies before filing an FTCA action against the United States. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). However, an important distinction between *McNeil* and this case is that in *McNeil*, the plaintiff's initial complaint brought "a claim against the United States for money damages," as contemplated by § 2675(a). *Id*. at 107–08. Here, in contrast,

Williams's initial complaint did not include a claim against the United States for money damages, but rather only included claims for declaratory and injunctive relief against Mr. Dixon in his official capacity. As the Ninth Circuit explained in *Valadez-Lopez v. Chertoff*, "[t]here is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted." 656 F.3d 851, 856 (9th Cir. 2011). The contrary cases cited by the Government are inapposite because they all included a premature FTCA claim in the original complaint. *See, e.g., Edwards v. Dist. of Columbia*, 616 F. Supp. 2d 112, 116 (D.D.C. 2009) ("[T]here is no dispute that Plaintiff did not administratively exhaust her remedies under the FTCA prior to filing her suit alleging tort claims . . . and this Court therefore lacks subject matter jurisdiction over Plaintiff's FTCA claims."); *see also Lamb v. Millennium Challenge Corp.*, 573 F. Supp. 3d 346, 357 (D.D.C. 2021) (construing the *pro se* petitioner's original complaint to be alleging a tort claim under the FTCA). Because Williams satisfied the administrative exhaustion requirement in § 2675(a) *before* pursuing a claim for money damages against the United States, this Court has subject matter jurisdiction over his FTCA claims. Accordingly, it is hereby

**ORDERED** that the Government's Motion to Dismiss is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge