UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE WILLIAMS,<br><br>             Plaintiff,<br><br>     v.<br><br>ROBERT A. DIXON, In His Official Capacity, as United States Marshal for the Superior Court of the District of Columbia, et al.<br><br>             Defendants. | Civil Action No. 22-0753 (RJL) |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, Robert A. Dixon, in his official capacity and the United States of America, by and through undersigned counsel, hereby answers the First Amended Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 41, of Plaintiff Tyrone William as follows:

## RESPONSES TO THE NUMBERED PARAGRAPHS

To the extent the Complaint refers to or quotes from external documents, statutes or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants

1

expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer.[1]

## Introduction

1. Paragraph 1 contains Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

2. Defendants admit that Mr. Williams has filed this lawsuit for declaratory and injunctive relief. Defendant denies the remaining allegations set forth in Paragraph 2.

3. Defendants admit that Mr. Williams has filed this lawsuit for declaratory and injunctive relief. Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint.

## Jurisdiction and Venue

4. The allegations in Paragraph 4 contain legal conclusions and require no response. To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter. Defendants deny the remaining allegations in this paragraph.

5. The allegations in Paragraph 5 contain legal conclusions and require no response. To the extent a response is required, Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in this paragraph.

## Administrative Exhaustion

6. Defendants admit that Plaintiff submitted Standard Form 95 to USMS on May 25, 2022, and again on November 2, 2022. Responding further, Defendants respectfully refer the

---

[1] For ease of reference, Defendants' Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations to which a response is required, Defendants deny those allegations.

Court to those documents for their true and complete contents and denies all allegations in this paragraph inconsistent therewith.

7. Defendants admit.

8. Defendants admit.

9. The allegations in Paragraph 9 contain legal conclusions and require no response. To the extent a response is required, Defendants recognize that this Court has found that Plaintiff has satisfied the administrative exhaustion requirement. *See* ECF 52.

## Parties

10. Admitted that at the time of filing his Complaint, Plaintiff was in the custody of the USMS. The Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 10.

11. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia and is being sued in his official capacity.

12. Defendants admit the first sentence. The second and third sentences state a legal conclusion and require no response. To the extent a response is required, Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 12

## Facts

13. The allegations contained in Paragraph 13 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendants. Therefore, no response is required. To the extent a response is required, Defendants are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 13.

14. The allegations contained in Paragraph 14 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendants. Therefore, no response is required. To the extent a response is required, Defendant are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 14.

15. The allegations contained in Paragraph 15 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendants. Therefore, no response is required. To the extent a response is required, Defendant are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 15.

16. The allegations contained in Paragraph 16 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendant. Therefore, no response is required. To the extent a response is required, Defendants are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 16.

17. The allegations contained in Paragraph 17, and including its subparts (a)-(f), describe a purported search policy implemented by the D.C. Jail, which is not a party to this case and does not relate to any action or allegation against Defendantz. Therefore, no response is required. To the extent a response is required, Defendant are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 17, including its subparts (a)-(f).

18. The allegations contained in Paragraph 18 describe a purported search policy implemented by the D.C. Jail, which is not a party to this case, and does not relate to any action

or allegation against Defendants. Therefore, no response is required. To the extent a response is required, Defendant are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 18.

### The United States Marshals Service's Manual Search Policy

19. Admitted that the USMS has policies for searching individuals in USMS custody. Defendants are without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Admitted that the USMS has policies for searching individuals in USMS custody. Defendants deny the remaining allegations in Paragraph 20.

21. Admitted that the USMS has policies for searching individuals in USMS custody. Defendants deny the remaining allegations in Paragraph 21.

22. Admitted that the USMS has policies for searching individuals in USMS custody. Responding further, Defendants aver that the allegations contained in Paragraph 22 characterize a purported search policy implemented by the D.C. Jail, which is not a party to this case, and which does not relate to any action by or allegation against Defendants. Therefore, no response is required. To the extent a response is required, Defendants are without sufficient knowledge and information to admit or deny those allegations. Defendants deny the remaining allegations set forth in Paragraph 22.

### The Searches of Plaintiff Tyrone Williams

23. Admitted that Plaintiff was in the custody of USMS and appeared before DC Superior Court on November 3, 2020, October 18, 2021, and February 10, 2022. Defendants deny all remaining allegations in Paragraph 23.

24. The allegations contained in Paragraph 24 do not relate to any actions by or allegations against Defendants and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 24.

25. The allegations contained in Paragraph 25 do not relate to any actions by or allegations against Defendants and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 25.

26. The allegations contained in Paragraph 26 do not relate to any actions by or allegations against Defendants and therefore no response is required. To the extent a response is required, Defendants are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 26.

27. Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court. Defendants are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 27.

28. Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court. Defendants deny all remaining allegations in Paragraph 28.

29. Admitted that Plaintiff was searched by USMS personnel after arrival at DC Superior Court. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants are without sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 32.

**Grace Rivera's Inspection of the Search of Mr. Williams on February 10, 2022**

33.Admitted that Plaintiff's counsel spoke with Supervisory Deputy Grace Rivera. Defendants are without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 33.

34.Admitted that Deputy Rivera monitored the next search of Plaintiff without telling the deputies conducting the search. Defendants are without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 34.

35.Admitted that Deputy Rivera subsequently told Plaintiff's counsel that the search was conducted appropriately, and that Plaintiff complained during the search. Defendants are without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 35.

36.Admitted that Deputy Rivera stated the search comported with USMS policy. Defendants are without sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 36.

**Mr. Williams's Injuries**

37.Defendants deny that the search performed by USMS on November 3, 2020 occurred as Plaintiff describes in paragraphs 28 through 31 and therefore deny the allegations in Paragraph 37.

38.Defendants deny that the search performed by USMS on October 18, 2021 occurred as Plaintiff describes in paragraphs 28 through 31 and therefore deny the allegations set forth in Paragraph 38.

39. Defendants deny that the search performed by USMS on February 10, 2022 occurred as Plaintiff describes in paragraphs 28 through 31 and therefore deny the allegations set forth in Paragraph 39.

### Application of the USMS Policy to Mr. Bower

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

### Mr. Williams's Future Potential Court Dates

In response to the unnumbered paragraph following paragraph 43, Defendants admit that Mr. Williams appealed his criminal conviction on September 11, 2022. Defendants are without sufficient knowledge and information to admit or deny the remaining allegations set forth in this unnumbered paragraph.[2]

### Justification for the USMS Search Policy

44. Paragraph 44 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

45. Paragraph 45 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

---

[2] The numbering in the Amended Complaint breaks at this point. For the sake of consistency, Defendant matches the numbering as it appears in the Amended Complaint on file at ECF No. 41.

46. Paragraph 46 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

47. Paragraph 47 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

48. Paragraph 48 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

## CLAIMS FOR RELIEF

### Claim I: Violation of the Fourth Amendment (USMS Policy)
### (Plaintiff Williams against Defendant Dixon)

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Fourth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

50. Paragraph 50 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

51. Paragraph 51 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

In response to the unnumbered paragraph following paragraph 51, Defendant admits that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of

Columbia. The remaining allegations in this unnumbered paragraph contain argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in this unnumbered paragraph.

### Claim II: Violation of the Fifth Amendment (USMS Policy)
### (Plaintiff Williams against Defendant Dixon)

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Fifth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

53. Paragraph 53 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

54. Paragraph 54 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

55. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia. The remaining allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

### Claim III: Violation of the Fourth Amendment (Excessive Force)
### (Plaintiff Williams against Defendant Dixon)

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Fourth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

57. Paragraph 57 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

58. Paragraph 58 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

59. Paragraph 59 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

60. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia. The remaining allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

### Claim IV: Violation of the Fifth Amendment (Pretrial Punishment)
### (Plaintiff Williams against Defendant Dixon)

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the Fifth Amendment of the United States Constitution for its true and complete contents and denies all allegations in this paragraph inconsistent therewith.

62. Paragraph 62 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and denies any allegation of wrongdoing whatsoever.

63. Paragraph 63 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

64. Paragraph 64 contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

65. Admitted that Robert Anthony Dixon is the United States Marshal for the Superior Court of the District of Columbia. The remaining allegations contain argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in this paragraph.

**Claim V: Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401 & 2671–80**
**(Battery)**
**(Plaintiff Williams against Defendant United States of America)**

66. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

67. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

68. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

69. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest that some "USMS members" are law enforcement officers under 28 U.S.C. § 2680(h).

70. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

71. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

72. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

**Claim VI: Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401 & 2671–80
(Intentional Infliction of Emotional Distress)
(Plaintiff Williams against Defendant United States of America)**

73. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

74. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph

75. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

76. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

77. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

78. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

79. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest that some "USMS members" are law enforcement officers under 28 U.S.C. § 2680(h).

80. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

81. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## REQUESTED RELIEF

The paragraph starting with "Wherefore," and including subparts (A)-(E) contain Plaintiff's prayer for relief for which no response is required. To the extent that a response is required, Defendants deny the allegations contained in this paragraph and all subparts (A)-(E) and denies Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to the Complaint become known

to the Defendants through the course of litigation. Defendants reserve the right to assert affirmatively any other defense that constitutes an avoidance or reaffirmance under Fed. Civ. P. 8(c).

**FIRST DEFENSE**

Plaintiff's claims are moot as he is no longer in the custody of the United States Marshals Service and this Court lacks jurisdiction for lack of a live case or controversy.

**SECOND DEFENSE**

USMS does not employ an unconstitutional search policy.

**THIRD DEFENSE**

Plaintiff's claims do not rise to the level of Constitutional violations.

**FOURTH DEFENSE**

Plaintiff is not entitled to injunctive, declaratory relief, or attorneys' fees in this action.

**FIFTH DEFENSE**

Defendants, through their employees and agents, acted lawfully, reasonably, with legal justification, and were substantially justified in its actions at all times referenced in Plaintiff's Complaint.

**SIXTH DEFENSE**

No acts or omissions by the Defendants were the proximate cause of any injury to the plaintiff, and the Defendants, through their employees, agents, and servants, acted with due care and diligence with respect to Plaintiff at all relevant times.

**SEVENTH DEFENSE**

Plaintiff's recovery, if any, and for which Defendants deny any entitlement, is limited to the amount Plaintiff claimed in the SF-95.

**SEVENTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**EIGHTH DEFENSE**

Any force utilized was reasonable, justifiable and not excessive and thus within the qualified privilege to use reasonable force.

**NINTH DEFENSE**

The acts or omissions of Plaintiff were the superseding, intervening, and/or proximate cause of any alleged injury suffered by Plaintiff.

**TENTH DEFENSE**

Plaintiff's claims are barred by contributory negligence and/or assumption of risk.

Dated: June 26, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       */s/ Joshua Ontell*
JOSHUA ONTELL
VA Bar #924444
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7706
Joshua.Ontell@usdoj.gov

*Attorneys for the United States of America*